# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYRIL C. JONES | CIVIL ACTION |
| VERSUS | NO. 15-742 |
| ALLSTATE INSURANCE COMPANY, ET AL. | SECTION "N" (3) |

## ORDER AND REASONS

The Court, having considered applicable law, the entirety of the record in this matter, including the Magistrate Judge's Report and Recommendation (Rec. Doc. 198), and the Objections filed by Intervenor Silvestri & Massicot, LLC ("S&M"), the multiple memoranda submitted in support of and in opposition to those objections, the Court approves and adopts the Magistrate Judge's Report and Recommendation, in part, and otherwise rules as stated herein.

Accordingly, **IT IS ORDERED** that the "Motion of Sylvestri & Massicot, L.L.C. to Strike Testimony and Argument Regarding Confidential Communication During Mediation" (Rec.Doc. 181) is **GRANTED** to the extent that any such references be stricken from the record. Moreover, this Court has not considered any such communications in its resolution of these motions.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by S&M (Rec. Doc. 167) and the cross-motion for summary judgment filed by Plaintiffs' counsel Law Offices of John Paul Massicot ("JPM") (Rec. Doc. 170) are both **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

With respect to the $45,739.65 deposited in the registry of the Court by Allstate Insurance Company ("Allstate"), **IT IS ORDERED** that S&M be awarded fees and costs in the amount of $27,443.79, plus a pro rata share of accrued interest less a pro rata share of the fee assessed for the administration of the funds. This amount represents 60% of the $45,739.65 in accordance with the

1

ownership percentages of the partners of S&M prior to Mr. Massicot's departure (40% each for Massicot and Silvestri and 20% by Savoie).

With respect to the $45,739.65 deposited in the registry of the Court by Allstate, **IT IS ORDERED** that JPM be awarded fees and costs in the amount of $18,295.86, plus a pro rata share of accrued interest less a pro rata share of the fee assessed for the administration of the funds. This amount represents 40% of the $45,739.65 in accordance with the ownership interests of the members of S&M prior to Mr. Massicot's departure (40% each for Massicot and Silvestri and 20% by Savoie).

With respect to the $240,000 deposited into the registry of the Court by Travelers Property Casualty Company of America ("Travelers"), **IT IS ORDERED** that 50% of that amount ($120,000) be apportioned in accordance with the ownership interests of the members of S&M prior to Mr. Massicot's departure (40% for each of Massicot and Silvestri and 20% for Savoie) and that 50% be apportioned solely to JPM. Accordingly, JPM shall receive a total of 70% of the $240,000 ($168,000) plus a pro rata share of accrued interest less a pro rata share of the fee assessed for the administration of the funds, and S&M will receive a total of 30 % of the $240,000 ($ 72,000) plus a pro rata share of accrued interest less a pro rata share of the fee assessed for the administration of the funds.

The Court finds these apportionments appropriate, on a *quantum meruit* basis, considering the various competing factors presented here: (1) JPM has not objected to the Magistrate Judge's recommended apportionment of the $45,739.65 deposited by Allstate; (2) the uncertainty of the record relative to the exact date that the settlement with Allstate was reached; (3) that, as urged by JPM, Mr. Jones' widow and three children, who were substituted as plaintiffs at the end of May 31, 2016, never had a contract with S&M (only JPM) and, similarly, Travelers was not added as a defendant until well after Mr. Jones' death in May 31, 2016); (4) despite the late entry of Travelers

as a named defendant, counsel were projecting an eventual settlement with Travelers of between six figures and $1 million at least as of January 5, 2016;[1] (5) the debated settlement value of the wrongful death claim versus the survival claim and the absence of a designated apportionment by the parties as part of the Travelers settlement agreement); (6) the almost two years of time that the members of S&M served as Mr. Jones' counsel (from being retained on March 19, 2014, until being discharged by Mr. Jones in early March 2016) versus that of JPM (from early March 2016 until the Travelers' settlement in July 2016); (7) the services rendered by S&M paralegals and other staff from the 2014 date of S&M's retention through the beginning of March 2016;[2] (8) the various costs advanced and guarantees made by S&M as late as early March 2016;[3] (9) Mr. Massicot's appearance as a member of S&M after January 1, 2016, in this and other actions; (10) Mr. Massicot's acknowledgement that fees generated by him were distributed amongst himself, Mr. Silvestri, and Mr. Savoie in accordance with the pro rata shares utilized by the three as members of S&M; (11) that it was Mr. Massicot on behalf of S&M (rather than Mr. Silvestri or Mr. Savoie) who provided the vast majority of the legal services rendered on behalf of the plaintiffs in this matter;[4] and (12) the hundreds of hours of work devoted by JPM (to the exclusion of other work) following Mr. Jones' March 2016 discharge of S&M in connection with finalizing the Allstate settlement, taking approximately 20 depositions, hiring experts, reviewing thousands of

---

1 *See* Rec. Doc. 135-4 (email between Mr. Massicot and Mr. Silvestri); 135-2 (Excerpt from S&M "List of Primary Cases" prepared for Gulf Coast Bank and Trust.

2 *See, e.g.,* Rec. Doc. 135-3 (Affidavit of [S&M Paralegal/Office Manager] Laura Bass Chauvin") (detailing tasks completed at the direction of Mr. Massicot; *see also* Rec. Doc. 135-7 (email from Mr. Massicot to Ms. Chauvin).

3 *See, e.g.,* Rec. Doc. 135-3 (Affidavit of [S&M Paralegal/Office Manager] Laura Bass Chauvin") (detailing tasks completed at the direction of Mr. Massicot; *see also* Rec. Docs. 135-5 and 135-8 (reflecting sums advanced by S&M for a physician telephone conference and imaging services for Mr. Jones).

4 *See, e.g.,* Rec. Doc. 170-3 (Affidavit of John Paul Massicot).

3

pages of expert reports and medical records, and negotiating a settlement of the remaining survival action and wrongful death actions with Travelers approximately seven weeks before the impending September 12, 2016 trial date and associated pre-trial deadlines. *See* February 25, 2016 Order (Rec. Doc. 38).

**IT IS FINALLY ORDERED** that each party shall file their respective motions to withdraw funds from the Court's registry per Local Rule 67.3.

New Orleans, Louisiana, this 30th day March 2018.

_____
**UNITED STATES DISTRICT JUDGE**